FRANKLIN SIMON & CO., INC., Plaintiff, *v.* BRAMLEY BLOUSES, INC., Defendant.

Supreme Court, Special Term, New York County, January 27, 1939.

*Strauss, Reich & Boyer* [*M. J. Spitzer* of counsel], for the plaintiff.

*Begun & Begun* [*I. Begun* of counsel], for the defendant.

COTILLO, J. This is an action in equity for an injunction to enjoin and restrain infringement of a trade-mark and unfair competition and for an accounting of profits.

Plaintiff owns and operates the internationally known retail store bearing the name of " Franklin Simon & Co.," situated at No. 414 Fifth avenue, New York city, and also a suburban branch at Greenwich, Conn., at both of which stores plaintiff engages in the business of selling at retail women's, men's and children's clothing and accessories, including ladies' and girls' blouses, dresses and similar articles of ready-to-wear apparel.

The business of Franklin Simon & Co. was started in 1902 and has been continuously carried on since that time, originally as a copartnership and subsequently and at present as a corporate enterprise.

Many millions of dollars have been spent by plaintiff and its predecessors for advertising in New York newspapers which are circulated throughout the entire country and abroad, in newspapers published in other cities, in rotogravures and magazines having a national distribution, in local publications and in addition mail order catalogues, fashion booklets and other advertising matter are sent to plaintiff's customers at various times during the year.

As a result of conscientious effort and extensive advertising over a period of thirty-five years, the plaintiff has acquired and enjoys an enviable and unique reputation as one of the pre-eminently fine retail business establishments of the United States. Its business is both nationwide and international, being transacted in each of the forty-eight States of the Union, the District of Columbia and Canada.

In the course and conduct of the business the plaintiff and its predecessors have adopted, used and advertised trade-marks for the purpose of designating and distinguishing particular types or lines of merchandise.

The most important, extensively advertised and widely known trade-mark owned by the plaintiff is " Bramley," which was adopted in April, 1920, and has been continuously used and featured since that time.

Application for registration of the trade-mark " Bramley " was filed in the United States Patent Office on June 16, 1920, under the act of Congress of February 20, 1905 (Chap. 592, Feb. 20, 1905; 33 U. S. Stat. at Large, 724–731; U. S. Code, tit. 15, §§ 81–109), for various articles of women's, men's and children's clothing in Class No. 39, clothing, including women's, girls' and misses' shirt waists, dresses and suits; the application was granted and the trade-mark was registered on April 18, 1922, registration No. 154,696.

On November 27, 1923, a further registration of the trade-mark under the act of Congress of 1905 was granted for additional articles of clothing in Class No. 39, trade-mark registration No. 176,500.

The trade-mark was also registered in the Canadian Patent Office on January 18, 1937 (No. N. S. 6381, reg. 22). A prior registration of the trade-mark in Canada by one Frank C. Bishop was, on plaintiff's application, expunged by the Exchequer Court of Canada by decree dated May 15, 1936.

Since adoption of the trade-mark plaintiff has applied " Bramley " to specially selected lines of merchandise embodying a basic idea of

classic and fresh simplicity of the most fundamental quality and of the soundest taste. Entire outfits of " Bramley " merchandise, as well as individual articles of apparel, are sought and purchased by plaintiff's customers.

More than $1,000,000 has been spent on " Bramley " advertising.

Bramley Blouses, Inc., the defendant, was organized in 1935 and engaged exclusively in manufacturing ladies' blouses and other articles of similar apparel. It never engaged in the retail business.

I find from the evidence that the defendant unconsciously and with no intent to deceive or mislead the buying public adopted as part of its corporate name the word " Bramley." I further find from the testimony and trade-marks introduced in evidence that the plaintiff is entitled to the exclusive proprietary right to the name " Bramley " as applied to apparel merchandise.

Due to the fact that defendant has used the word " Bramley " without intent to infringe or to engage in unfair competition the court will award no money damages.

Judgment is directed for plaintiff enjoining and restraining defendant from the use of the word " Bramley." Findings of fact having been waived, submit judgment on February 3, 1939.